IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWARD L. BAPTISTE,               §
                                  §
      Plaintiff,                  §
                                  §
vs.                               §   Civil Action No. H-04-3044
                                  §
SPECIALTY PRODUCTS & INSULATION,  §
                                  §
      Defendant.                  §

## MEMORANDUM OPINION

Pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 18).  Plaintiff has filed no response to this motion.  For the following reasons, the motion is **GRANTED.**

### I.  Case Background

Plaintiff, proceeding *pro se,* seeks redress for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  In his complaint, Plaintiff states, "On 2/13 thru 04/10/03, Edward Baptiste Plaintiff was harassed by management, maliciously maligned in a foreign language, racial statements written on truck."[2]  The court construes this as a complaint of a racially hostile work environment.  In contrast, Plaintiff's administrative complaint of discrimination alleged only that Plaintiff was terminated on the basis of his race because he

---

[1]
    On November 5, 2005, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  See Docket Entry No. 16.

[2]
    Plaintiff's Employment Discrimination Complaint, Docket Entry No. 1, ¶ 7.

"didn't fit in."[3]  In light of Plaintiff's pro se status, the court will discuss both theories of discrimination.

Plaintiff received a right to sue letter and timely filed this suit on July 28, 2004.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, 337 F.3d 539, 540-41 (5th Cir. 2003).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment.  Celotex Corp., 477 U.S. at 322.  In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence which establishes

---

[3] Plaintiff's Employment Discrimination Complaint, Docket Entry No. 1, Attachment 1.

each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial.  Id. at 324.

The nonmoving party must show more than "some metaphysical doubt as to the material facts."  Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995).  Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden.  Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002); see also Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 312, 313 (5th Cir. 1999)(holding that subjective personal beliefs or conjecture about discriminatory intent will not defeat summary judgment in a Title VII case).

### III.  Analysis

Defendant seeks summary judgment on Plaintiff's Title VII claims.

### A. Employment Discrimination - Termination

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Disparate treatment claims require proof of intentional discrimination.  Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986 (5th Cir. 1988).  In the absence of direct evidence of

discrimination, Title VII claims are analyzed under the familiar burden-shifting approach originally articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); West v. Nabors Drilling USA, Inc., 330 F.3d 379, 384 (5th Cir. 2003).

To establish a prima facie case of race discrimination, the plaintiff must show that he: 1) is a member of a protected class; 2) was qualified for his position; 3) suffered an adverse employment action; 4) was replaced by someone who is not a member of the protected class to which plaintiff belongs or was treated less favorably than similarly situated employees of a different race.  See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513-13 (5th Cir. 2001).  A plaintiff may trigger a presumption of discrimination by establishing all of the elements of a prima facie case.  Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).  The burden then shifts to the defendant to proffer legitimate, nondiscriminatory reasons for the employment action.  Id.

If the defendant meets this burden of production, the presumption dissolves and the burden shifts back to the plaintiff. Id.; see also Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897-98 (5th Cir. 2002), cert. denied, 539 U.S. 926 (2003) (emphasizing the defendant's burden is one of production, not persuasion).  According to the Fifth Circuit's recent modification of the analysis, the plaintiff's burden then is to produce some

evidence suggesting "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motives alternative)." Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (citations, internal quotation marks, and internal alterations omitted). If the plaintiff shows illegal discrimination was a motivating factor, the defendant must respond with evidence that the same decision would have been made regardless of discriminatory animus. Id.

The key to the factual assessment is whether the employer discriminated against the plaintiff on the basis of race. Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001), cert. denied, 540 U.S. 1005 (2003). An employee's subjective belief that he has been the victim of discrimination is insufficient to create an inference of discriminatory intent. Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 313 (5th Cir. 1999). The court will grant judgment in favor of the employer if the evidence, taken as a whole, would not allow a jury to infer that the reason for the adverse employment action, at least in part, was discriminatory. See Bennet v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998).

In its motion for summary judgment, Defendant concedes that

Plaintiff is a member of a protected class, was qualified for the position held, and suffered an adverse employment action. Defendant argues that Plaintiff has not alleged facts to support the last element of a prima facie case, namely, that he was replaced by someone who was not a member of his protected class or was treated less favorably than a similarly situated employee of a different race.

The court agrees in part. Plaintiff was initially replaced by a Hispanic male. This is sufficient to satisfy the requirement that he was replaced by a person outside Plaintiff's protected class. The fact that this person was later replaced by a Black male does not negate the initial replacement of Plaintiff by a person outside of his protected class, and thus satisfies this prong of the prima facie test.

Proceeding then, the court finds that Defendant has produced evidence of a legitimate, non-discriminatory reason for Plaintiff's termination. William Walker ("Walker"), the Area Manager for Defendant, averred that Plaintiff was employed as a truck driver for Defendant and worked at the same location as Walker. He personally observed that Plaintiff performed poorly and was noticeably slower in the performance of his duties than other drivers. Walker stated that in February 2003, Carlos Zamora ("Zamora") became Plaintiff's supervisor. Plaintiff refused to comply with Zamora's direct instructions and refused to answer his

company cell phone to respond to inquiries from Zamora.  This prompted Walker to meet with Plaintiff and Zamora.  Walker stated that he made it clear to Plaintiff that his work performance was unacceptable, that he was to comply with Zamora's instructions, and that he was to report in by cell phone before and after every delivery.  A few weeks later, Walker recounted an incident in which Plaintiff called Zamora "stupid," and told him he did not know what he was doing in front of other employees.  In addition, Plaintiff continued to refuse to report in before and after every delivery as required and criticized Zamora's routing instructions.  On April 3, 2003, Walker terminated Plaintiff for insubordination.  Walker denied that race played any part in this decision to terminate Plaintiff.  Walker also averred that at no time did Plaintiff ever complain that he was a victim of a hostile work environment.

Zamora also provided an affidavit in which he stated that Plaintiff refused to comply with his directions to phone in before and after every delivery, refused to answer his cell phone, and refused to tell Zamora where he was.  Zamora corroborated Walker's account of the meeting with Plaintiff.  According to Zamora, Plaintiff's work performance did not improve after the meeting and Plaintiff continued to refuse to call in as directed and refused to make deliveries in the order set by Zamora.  On one occasion, Plaintiff laughed at Zamora's instructions to Plaintiff, called him "stupid," and told him that he did not know what he was doing in

7

front of Zamora's other subordinates.   Zamora also stated that

Plaintiff was consistently slower than the other drivers in making

deliveries.   Zamora averred that he had no knowledge of any

incident in which Plaintiff was harassed, maligned in a foreign

language or where racial statements were written on his truck.

The court has no basis for second-guessing this business

decision terminating Plaintiff for failing to comply with the

directions of his supervisor.  Cf. Johnson v. Merrill Dow Pharms.,

Inc., 965 F.2d 31, 34 (5th Cir. 1992)(stating that the employer must

maintain the ability to "supervise, review, criticize, demote,

transfer and discipline employees"); Bienkowski v. Am. Airlines,

Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988)(indicating that the Age

Discrimination in Employment Act was not intended to allow second-

guessing of employment decisions).   Based on the evidence, the

court finds that Defendant's reason for terminating Plaintiff was

legitimate and nondiscriminatory.

The court next considers whether Plaintiff has shown that

Defendant's proffered reason for termination was not true, but

instead was a pretext for discrimination, or that racial bias

motivated Defendant in addition to the valid reason of his

insubordination.  See Rachid, 376 F.3d at 312.

Plaintiff did not respond to Defendant's motion for summary

judgment and therefore has failed to meet his burden to raise a

fact issue that Defendant's reason for his termination was a

pretext for discrimination or that his race was a motivating factor
in his termination.

**B.   Employment Discrimination - Hostile Work Environment**

Plaintiff has also arguably raised a hostile work environment
claim based on his allegation that he was harassed by management,
maligned in a foreign language, and had racial statements written
on his truck.[4]

To establish a prima facie case of co-worker harassment based
on race, a plaintiff must show: (1) he belongs to a protected
group; (2) he was subjected to unwelcome harassment; (3) the
harassment was based upon his race; (4) the harassment affected a
term, condition, or privilege of employment; and (5) his employer
knew or should have known of the harassment and failed to take
prompt remedial action.  Celestine v. Petroleos de Venezuella SA,
266 F.3d 343, 353 (5th Cir. 2001) (Title VII); Felton v. Polles, 315
F.3d 470, 484 (5th Cir. 2002)(Section 1981).  When the harassment
in question was allegedly committed by a supervisor with immediate
or successively higher authority over the plaintiff, the fifth
element need not be established.  Burlington Indus., Inc. v.
Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton,
524 U.S. 775, 807 (1998); Celestine, 266 F.3d at 353; Felton, 315
F.3d at 484.  In this instance, if the plaintiff meets the first
four elements, the employer is subject to vicarious liability for

---

[4]      Plaintiff's Complaint, Docket Entry No. 1.

the supervisor's harassing conduct.  <u>Ellerth</u>, 524 U.S. at 765; <u>Faragher</u>, 524 U.S. at 807).

When the harassment at issue does not culminate in a tangible employment action, the employer may raise an affirmative defense to liability or damages.  <u>Ellerth</u>, 524 U.S. at 765 (stating that tangible employment actions include discharge, demotion, or undesirable reassignment); <u>Faragher</u>, 524 U.S. at 806-07; <u>Watts v. Kroger Co.</u>, 170 F.3d 505, 509 (5th Cir. 1999).  The affirmative defense is comprised of two elements, both of which the employer must satisfy by a preponderance of the evidence: (1) the employer exercised reasonable care to prevent and remedy promptly any racially harassing behavior; and (2) the plaintiff unreasonably failed to take advantage of any preventative or remedial opportunities provided by the employer.  <u>Ellerth</u>, 524 U.S. at 765; <u>Faragher</u>, 524 U.S. at 806-07; <u>Watts</u>, 170 F.3d at 509-10.

To establish that harassment affected a "term, condition, or privilege" of employment, a plaintiff must show that discriminatory words or conduct were "'sufficiently severe or pervasive, so as to alter the conditions of employment and create an abusive working environment.'"  <u>Celestine</u>, 266 F.3d at 353 (quoting <u>Watts</u>, 170 F.3d at 509).  In addition, the plaintiff must demonstrate that his work environment was both subjectively and objectively offensive, i.e., the plaintiff must subjectively perceive the harassment as sufficiently severe or pervasive and this subjective perception

must be objectively reasonable.  <u>Harris v. Forklift Sys., Inc.</u>, 510
U.S. 17, 21-22 (1993).  When determining whether a workplace is
"hostile" or "abusive," courts examine all relevant circumstances,
including "the frequency of the discriminatory conduct; its
severity; whether it is physically threatening or humiliating, or
a mere offensive utterance; and whether it unreasonably interferes
with an employee's work performance."  <u>Walker v. Thompson</u>, 214 F.3d
615, 625 (5th Cir. 2000) (quoting <u>Harris</u>, 510 U.S. at 23).

The court has reviewed the Plaintiff's allegations and
considered all of the relevant circumstances.  Having done so, the
court finds that the evidence has created no material fact issue on
his hostile work environment claim.  Here, Plaintiff alleges only
that he was harassed by management, was maliciously maligned in a
foreign language, and had racial statements written on his truck.
Both Walker and Zamora denied any knowledge of any harassment
directed at Plaintiff.  Plaintiff has failed to come forward with
any competent summary judgment evidence from which the court could
assess the severity or pervasiveness of the alleged harassment.
The statement in Plaintiff's complaint is simply insufficient, as
a matter of law, to raise a fact issue that Plaintiff was subjected
to harassment "sufficiently severe or pervasive so as to alter the
conditions of employment and create an abusive working
environment."  Because the court makes this finding, it need not
discuss the other elements of a hostile work environment action.

11

## IV.   Conclusion

Based  on  the  foregoing,  Defendant's  Motion  for  Summary Judgment is **GRANTED.**

SIGNED this 9th day of December, 2005, in Houston, Texas.


_____
Nancy K. Johnson
United States Magistrate Judge